IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| C&P SERVICES OF MONROE, INC.<br>Plaintiff,<br><br>v.<br><br>EROSION CONTROL SERVICES, INC.<br>RANDY LEWIS<br>Defendants. | Case No. 3:01CV618-MCK |

## AMENDED COMPLAINT
(Jury Trial Demanded)

Plaintiff C & P Services of Monroe, Inc., by and through its attorneys Adams, Schwartz & Evans, P.A., file this Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and allege the following:

A    Jurisdiction and Venue

1.    This action is instituted under 28 U.S.C. §§ 2201 and 2202 for a Declaratory Judgment of non-infringement of a certain United States Letters Patent alleged by Defendants to be owned by Defendants, arising from an actual and justiciable controversy between Plaintiff and Defendants as to the scope and infringement of said patent; because of alleged unauthorized use by Plaintiff of the alleged invention purportedly embodied in and covered by Defendants' patent; the laws of the State of North Carolina relating to unfair acts and practices in trade or commerce, particularly North Carolina General Statute §75-1.1 to recover threefold the damages sustained by Plaintiff as the result of its being injured in its business and property by reason of Defendants' violations of law, and

1



for injunctive relief against threatened loss or damage by Defendants' said violations of law, and also to recover the cost of suit, including reasonable attorney fees. The amount in controversy between Plaintiff and Defendants exceeds the sum of $75,000 exclusive of interest and costs.

2. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) and (c).

### B. The Parties

4. Plaintiff C&P SERVICES OF MONROE, INC. ("C&P Services" or "Plaintiff") is a corporation organized under the laws of North Carolina and has a principal place of business in Monroe, North Carolina, within this district and division. C&P Services is engaged in the business of installing silt filtration systems at the inlets of storm water catch basins.

5. Upon information and belief, Defendant EROSION CONTROL SERVICES, INC. ("Erosion Control Services" or "Defendant") is a corporation organized and existing under the laws of the state of North Carolina and has a principal place of business in Charlotte, North Carolina and does business within this district and division. Defendant Randy Lewis ("Lewis" or "Defendant") is an individual residing at 10601 Providence Arbours Drive, Charlotte, North Carolina and does business within this district and division.

### C. Claims for Relief

#### COUNT ONE

#### Non-Infringement and Invalidity of the '095 Patent

6. United States Letters Patent No. 6,294,095 was issued on September 25, 2001 to Erosion Control Services as assignee of Randy Lewis on an application filed on April 24, 2000 for "Silt Filtration System." Defendants Lewis and Erosion Control Services claim to be the owners of the aforesaid patent, which is hereinafter referred to as "the '095 Patent."

2

7. Defendants have claimed and do now claim that Plaintiff C&P Services is infringing the '095 Patent by selling a certain silt filtration system, including a written statement that C&P Services immediately cease and desist all further sales of the alleged infringing system. C&P Services denies such charge of infringement and asserts that it has the right to manufacture, use, and/or sell the accused silt filtration systems unhampered and unmolested by the Defendant.

8. Plaintiff C&P Services specifically denies infringement with respect to the '095 Patent. The '095 Patent, when given the scope asserted for it by Defendants, is broader than the alleged invention claimed therein and consequently Defendants are not entitled to assert such scope for the '095 Patent so as to cover the accused silt filtration system sold by Plaintiff.

9. The '095 Patent is invalid and unenforceable against Plaintiff for at least each of the following reasons, among others:

(a) more than one year prior to the effective date of the application for the '095 Patent, the alleged invention claimed in the '095 Patent and each and every material and substantial part thereof was in public use or on sale or offered for sale in the United States, or was patented or described in a printed publication;

(b) the alleged invention described and claimed in the '095 Patent does not constitute a patentable discovery or invention within the meaning of the patent statutes in view of the prior state of the art and was common knowledge on the part of those skilled in the art at or prior to the date of the alleged invention or discovery of the patent;

(c) the differences between the subject matter sought to be patented in the '095 Patent and the prior art are such that the subject matter as a whole of the patent would have been obvious at the time the alleged invention of the patent was made to persons of ordinary skill in the art to which the subject matter pertains;

(d) the '095 Patent fails to particularly point out and distinctly claim the system or method alleged to constitute the invention; and

(e) the '095 Patent contains claims in dependent form, including but not limited to claims

3

12 and 21, that fail to incorporate all the limitations of the claims on which they depend.

## COUNT TWO

### Unfair Competition

10. Plaintiff C&P Services repeats and realleges paragraphs 1-9 above.

11. Defendants Lewis and Erosion Control Services have accused C&P Services of infringement without a good faith basis on which to conclude that C&P Services is, in fact, infringing the '095 Patent.

12. Defendants' actions are and were intended to improve its competitive position in the marketplace by making baseless allegations of patent infringement for the purpose of inducing C&P Services by intimidation to discontinue selling a product which it is legally entitled to sell.

13. Defendants' actions are and were intended to improve its competitive position in the marketplace by making baseless allegations of patent infringement against a third party manufacturer for the purpose of inducing the manufacturer by intimidation to discontinue manufacturing a product on behalf of C&P Services which it is legally entitled to manufacture.

14. As a result of Defendants' actions, Defendants have caused injury to the business of the Plaintiff.

15. Defendants' conduct as alleged above constitutes unfair acts and practices in trade or commerce within the meaning of and in violation of North Carolina General Statute §75-1.1 et seq.

16. As a result of Defendants' actions in violation of North Carolina General Statute §75-1.1, Plaintiff has been injured in an amount which cannot be presently calculated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court as follows:

(1) That United States Letters Patent No. 6,294,095 and all the claims thereof be adjudicated and decreed to be invalid and not infringed.

4

(2) That it be adjudged and decreed that the Defendants have misused the '095 Patent.

(3) That Defendants, and persons acting on their behalf, be permanently enjoined and restrained from all further such acts of patent misuse.

(4) That Defendants, and all persons acting on their behalf, be permanently enjoined and restrained from charging, orally or in writing, that the '095 Patent is infringed by Plaintiff, directly or indirectly.

(5) That Defendants be found to have unfairly competed with Plaintiff and injured the Plaintiff's business and business reputation by its misuse of the '095 Patent, and has willfully violated the applicable laws of the United States and the state of North Carolina, all to the detriment of Plaintiff.

(6) That the Plaintiff be awarded;

(a) all damages sustained by Plaintiff on account of injury to Plaintiff's business reputation and business opportunities and damages sustained in consequence of Defendants' wrongful acts as alleged above and that such damages be trebled;

(b) all damages sustained by Plaintiff on account of Defendants' attempted enforcement of the '095 Patent against the Plaintiff and that such damages be trebled;

(c) Plaintiff's attorney's fees and costs pertaining to this action; and

(7) That all issues so triable be tried to a jury.

(8) That Plaintiff have such other and further relief as the Court may deem just and proper.

Date: 3/12/02

By: _____
Jeffrey J. Schwartz
Attorney for Plaintiff

5

Of Counsel:

ADAMS, SCHWARTZ & EVANS, P.A.
2180 Two Wachovia Center
301 S. Tryon Street
Charlotte, NC 28282
Tel.: (704) 375-9249
Fax: (704) 375-0729

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing AMENDED COMPLAINT was duly served upon the defendants by hand-delivering a copy thereof to the following:

> F. Lee Weaver, Esq.
> Weaver, Bennett & Bland
> 189 North Trade Street
> Matthews, NC 28105
>
> Randy Lewis
> 10601 Providence Arbours Dr.
> Charlotte, NC 28270
>
> Clifford R. Jarrett, Esq.
> Kennedy Covington Lobdell & Hickman, L.L.P.
> 4200 Bank of America Corporate Center
> 100 North Tryon Street
> Charlotte, NC 28202

This, the 13th day of March, 2002.

*Jeffrey J. Schwartz*
Attorney for Plaintiff

OF COUNSEL:

ADAMS, SCHWARTZ & EVANS, P.A.
2180 Two Wachovia Center
301 South Tryon Street
Charlotte, NC 28282
Tel: (704) 375-9249

6